IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT ELKINS

MICHAEL HUNT,

    Plaintiff,

v.    Civil Action No.    **2:17-cv -138 (Bailey)**

WELLS FARGO BANK N.A. d/b/a WELLS
FARGO HOME MORTGAGE, INC.,

    Defendant.

ELECTRONICALLY FILED
Nov 21 2017
U.S. DISTRICT COURT
Northern District of WV

## NOTICE OF REMOVAL

Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), hereby respectfully gives notice, pursuant to 28 U.S.C. § 1446, of the removal to this Court of the action commenced against it in the Circuit Court of Barbour County, West Virginia and identified below. Wells Fargo denies the allegations contained in the Complaint[1] and files this Notice of Removal without waiving any defenses, exceptions or obligations that may exist in its favor in state or federal court. In support of this Notice of Removal, Wells Fargo would show the following:

### STATEMENT OF COMMENCEMENT OF THE ACTION

On or about October 16, 2017, Plaintiff Michael Hunt ("Plaintiff") commenced this action by filing a Complaint, Civil Action No. 17-C-48, in the Circuit Court of Barbour County, West Virginia. Wells Fargo accepted service of the Summons and Complaint on October 26, 2017. (*See* Exhibit A, Acceptance of Service.) Wells Fargo has not yet filed or served an answer or otherwise responded to the Complaint.

---

[1] Plaintiff's Complaint appears to have various paragraphs incorrectly numbered, but Wells Fargo will reference paragraphs and page numbers in those instances.

Plaintiff's Complaint is based upon allegations concerning the servicing of a loan in the amount of $74,350.00 guaranteed by the Veteran's Administration and obtained by Plaintiff in West Virginia.  (*See generally*, Compl.)  Plaintiff alleges that he fell behind on her payments to Wells Fargo and that Wells Fargo refused to accept payments.  (*Id.* ¶¶ 7-10.)  Plaintiff further alleges that Wells Fargo failed to properly consider Plaintiff for loss mitigation options. (*Id.* ¶¶ 11-17.)  Additionally,  Plaintiff alleges Wells Fargo improperly held or misapplied funds, in addition to accelerating the loan and referring the property to foreclosure and charging illegal fees.  (*Id.* ¶¶ 32-42.)

Based on these allegations, Plaintiff asserts the following four claims: (Count I) Breach of Contract; (Count II) Illegal Debt Collection Practices in violation of the West Virginia Consumer Credit and Protection Act ("WVCCPA"); (Count III) Failure to Accept Payments in violation of the WVCCPA; and (Count IV) Misapplication of Payments in violation of the WVCCPA. (*Id.* at Counts I-IV.)

The Complaint seeks actual, compensatory, and punitive damages, statutory penalties, equitable relief, attorneys' fees and costs, to "enjoin Defendants from taking possession or scheduling foreclosure of Plaintiff's home" and "[s]uch other relief as the Court deems equitable and just."  (*Id.* at ¶¶ 55(p. 9), 51(pp. 10-11), 50(p. 11) 52(pp. 11-12) and subsequent "Wherefore" clauses.)  Plaintiff's Complaint does not contain any stipulation that would limit his recovery.

## TIMELINESS OF REMOVAL

The removal period commences upon receipt of formal service of process, and "not by mere receipt of the complaint unattended by any formal service." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999); *Lewis v. Mobile Training & Educ., Inc.*, No. CIV.A. 3:09-0135, 2009 WL 1252325, at *1 (S.D.W. Va. May 5, 2009).  *See also Hill v. Equifax Info.*

*Servs. LLC*, No. 1:11CV107, 2011 WL 1675045, at *2 (M.D.N.C. May 3, 2011) (noting that the Supreme Court "determined that mere receipt of the complaint, unattended by formal service, was insufficient to initiate a defendant's 30-day period for removal of a state action to federal court."). Wells Fargo accepted service on October 26, 2017. Having been filed within thirty (30) days of service, this Notice of Removal is timely.

## PLEADINGS AND NOTICE TO STATE COURT

Pursuant to 28 U.S.C. § 1446(a), copies of pleadings and other relevant documents on file with the Circuit Court of Barbour County, West Virginia, are attached hereto as Exhibit B. A true and correct copy of the state court docket sheet from the circuit court in Plaintiff's State Court Civil Action is attached as Exhibit C. In accordance with 28 U.S.C. § 1446(d), contemporaneous with the filing of this Notice, Wells Fargo has given written notice to the Plaintiff and the Circuit Court of Barbour County, West Virginia of the removal.

## STATEMENT OF STATUTORY BASIS FOR JURISDICTION

**I.  Diversity**

This action is within the original jurisdiction of the United States District Court pursuant to 28 U.S.C. § 1332(a). This statute provides, in pertinent part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

**A.  Citizenship of the Parties.**

This action involves citizens of different states. As stated in the Complaint, Plaintiff is a citizen of West Virginia. (Compl. ¶ 2.) Pursuant to 28 U.S.C. § 1348, Wells Fargo, as a national banking association, is a citizen of the state where it is "located." *Wachovia Bank v. Schmidt*, 546

U.S. 303, 306-307 (2006) ("[A] national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of incorporation, is located."). Wells Fargo, with its main office located in Sioux Falls, South Dakota, is a citizen of South Dakota. (See Ex. D, Office of the Comptroller of the Currency's List of National Banks, available at http://www.occ.gov/topics/licensing/national-bank-lists/index-active-bank-lists.html (last visited 11/16/17)). Complete diversity, therefore, exists between the parties.

    B.    **The Amount in Controversy Exceeds $75,000.00.**

In the Fourth Circuit, "the test for determining the amount in controversy in a diversity proceeding is 'the pecuniary result to either party which [a] judgment would produce.'" *Dixon v. Edwards*, 290 F.3d 699, 710-11 (4th Cir. 2002). Importantly, "the appropriate measure is not the amount of damages Plaintiff[] will ultimately recover, but rather the *alleged* amount in controversy." *Hardig v. Certainteed Corp.*, No. 3:11CV535, 2012 WL 423512, at *1 (W.D.N.C. Feb. 9, 2012) (emphasis added).[2] If the removing party establishes by a preponderance of the evidence that more than $75,000 is in controversy, the district court must exercise its jurisdiction. *Perilli v. Nationwide Mut. Ins. Co.*, No. 5:10CV56, 2011 WL 2462247, at *3 (N.D.W. Va. June 17, 2011); *see also Gum v. Gen. Elec. Co.*, 5 F. Supp. 2d 412, 415 (S.D. W. Va. 1998) ("It is well-established federal courts have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them.'" (citation omitted)).

When determining the amount in controversy, the Court should consider the "cause of action as alleged in the complaint and any amendments thereto, the notice of removal filed with a federal court, and other relevant materials in the record." *Miller v. Bank of America*, No. 1:10CV213, 2011 WL 2429350, at *1 (N.D.W. Va. June 13, 2011). Separate claims for relief by

---

[2] Unpublished opinions are attached hereto as Exhibit E.

a plaintiff in a single cause of action may be combined and aggregated together to meet the amount in controversy requirement "even if no individual claim exceeds the jurisdictional amount." *Long & Foster Real Estate, Inc. v. NRT Mid-Atlantic, Inc.*, 357 F. Supp. 2d 911, 920 (E.D. Va. 2005); *see Massey v. Green Tree Servicing, LLC*, No. 5:10-CV-00533, 2011 WL 1230256 (S.D.W. Va. Mar. 30, 2011). Additionally, a plaintiff's demand for actual damages, punitive damages, statutory damages, equitable relief, and attorneys' fees should be considered by the Court in determining the amount in controversy. *See, e.g.*, *Maxwell v. Wells Fargo Bank, N.A.*, No. CIV.A. 2:09-0500, 2009 WL 3293871, at *3-5 (S.D.W. Va. Oct. 9, 2009) (including statutory damages, actual damages, and attorneys' fees in the calculation of the jurisdictional amount in controversy and specifically holding that attorneys' fees were to be included because recovery of the fees were potentially available under the WVCCPA); *Weddington v. Ford Motor Credit Co.*, 59 F. Supp. 2d 578, 584-85 (S.D. W. Va. 1999) (including actual damages, punitive damages, and attorneys' fees as part of the amount in controversy).

### Statutory Penalties and Attorney's Fees

Plaintiff alleges numerous separate violations of the WVCCPA (Compl. ¶¶ 47(p.10)-52(p.12).) For each violation Plaintiff seeks $1,000 in statutory damages. (*Id.* at ¶¶ 51(pp. 10-11), 50(p.11), 52(pp. 11-12) and subsequent "Wherefore" clauses); *see also* W. Va. Code §§ 46A-5-101 ($1,000 penalty per violation); 46A-5-106 (allowing adjustment for inflation); *Jefferson v. Quicken Loans, Inc.*, No. 5:13CV59, 2013 WL 3812099, at *2 (N.D.W. Va. July 19, 2013) (stating that using the maximum penalty under the WVCCPA is the "common practice" used by district courts for determining the amount in controversy). Plaintiff alleges that Wells Fargo made the following misrepresentations and engaged in the following acts that violated the WVCCPA:

- At least eight occasions where Wells Fargo refused to credit, or misapplied, payments to Plaintiff's account. (Compl. ¶¶ 8-10; 32-36.)
- At least four misrepresentations during loss mitigation proceedings. (*Id.* at ¶¶ 11-17; 24-31.)

Conservatively, therefore, Plaintiff has alleged at least twelve violations of the WVCCPA, for which he is seeking $12,000 in civil penalties.

### **Actual and Punitive Damages**

In addition to statutory penalties, Plaintiff seeks actual damages for each of her WVCCPA claims. (*Id.* at ¶¶ 51(pp. 10-11), 50(p. 11), 52(pp. 11-12) and subsequent "Wherefore" clauses.) Plaintiff also seeks actual damages for his breach of contract claim. (*Id.* at ¶ 55(p. 9) and subsequent "Wherefore" clause.) Moreover, punitive damages are available for Plaintiff's breach of contract claim and he seeks such damages. (*Id.*); *see also Warden v. Bank of Mingo*, 176 W. Va. 60, 65 n.7, 341 S.E.2d 679, 684 n.7 (1985) (noting that in certain cases punitive damages are available for breach of contract claims).

### **Attorney's Fees**

Plaintiff also seeks an award of attorneys' fees. (*Id.* at ¶¶ 51(pp. 10-11), 50(p. 11), 52(pp. 11-12) and subsequent "Wherefore" clauses.); *see also Maxwell*, 2009 WL 3293871, at *3-5 (including attorney's fees, statutory damages, actual damages, and attorneys' fees in the calculation of the jurisdictional amount in controversy and specifically holding that attorneys' fees were to be included because recovery of the fees were potentially available under the WVCCPA).

The foregoing statutory damages coupled with Plaintiff's request for attorney's fees, actual and punitive damages alone are sufficient to satisfy the amount in controversy. *See Mullins v. Harry's Mobile Homes, Inc.*, 861 F. Supp. 22, 24 (S.D. W. Va. 1994) (holding jurisdictional

amount satisfied where plaintiff sought approximately $19,000 in damages, and also requested punitive damages and damages for aggravation, annoyance, and inconvenience);

**Equitable Relief**

In addition to the above-described monetary relief, Plaintiff also seeks "[a]ppropriate . . . equitable relief" and to "enjoin Defendants from taking possession or scheduling foreclosure of Plaintiff's home" (Compl. at ¶ 55(p. 9) and subsequent "Wherefore" clause.) Plaintiff's request for equitable relief includes requesting an order prohibiting Wells Fargo from collecting on the loan. Therefore, the equitable relief she seeks should be valued at $74,350, which is the amount of the loan at issue. (*See* Note attached as Exhibit E); *see also Winnell v. HSBC Mortg. Servs., Inc.*, No. 2:11-CV-00561, 2011 WL 5118805, at *2 (S.D.W. Va. Oct. 28, 2011) (holding that if a bank "is unable to enforce [a] loan, it stands to lose at least the outstanding balance of the loan"). All of the foregoing amounts, taken together, satisfy the jurisdictional threshold for purposes of removal.

In the event any question arises as to the propriety of the removal of this matter, Wells Fargo requests the opportunity to present briefs, oral argument, and if necessary, affidavits and other evidence in support of its position that removal is proper, in accordance with *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547 (2014), and *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192 (4th Cir. 2008).

## VENUE

Under 28 U.S.C. § 1441(a), venue for Plaintiff's State Court Civil Action is proper in this Court, which is the district embracing the place where the state action is pending.

**PRAYER FOR RELIEF**

**WHEREFORE**, Wells Fargo respectfully requests that this Court assume jurisdiction over this matter and allow it such other and further relief as this Court deems just and proper.

**WELLS FARGO BANK, N.A.**

By: s/Matthew D. Patterson
Matthew D. Patterson (WVSB#11566)
E-Mail: matt.patterson@nelsonmullins.com

Matthew D. Patterson, Esquire
James H. Burns, Esquire (WVSB#11928)
NELSON MULLINS RILEY & SCARBOROUGH LLP
1320 Main Street / 17th Floor
Columbia, SC  29201
(803) 799-2000

**COUNSEL FOR WELLS FARGO BANK, N.A.**