**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT ELKINS**

MICHAEL HUNT,

                                        Plaintiff,

v.                                                      Civil Action No.  2:17-cv-00138-JPB

WELLS FARGO BANK N.A. d/b/a
WELLS FARGO HOME MORTGAGE,
INC.,

                                        Defendant.

_____

## ANSWER

Reserving all rights and remedies available to it, Defendant Wells Fargo Bank, N.A. ("Wells Fargo") hereby answers Plaintiff Michael Hunt's ("Plaintiff") Complaint, subject to the Partial Motion to Dismiss and Accompanying Memorandum in Support filed contemporaneously, as follows:

## GENERAL DENIAL

Each and every allegation of the Complaint is expressly denied unless specifically admitted, qualified, or explained herein.

## FOR A FIRST DEFENSE

1.      Wells Fargo denies Paragraph 1.

2.      Wells Fargo lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 2, and, therefore, denies the same.

3.      In responses to Paragraph 3(a), Wells Fargo admits that it is a national bank with its main office in South Dakota.  Responding to the remaining allegations contained in Paragraph 4, including subparagraphs (b) through (c), these allegations

states a legal conclusion to which no response is required.  To the extent a response is required, Wells Fargo denies the same.

4.    Wells Fargo lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 4 and, therefore, denies the same.

5.    Wells Fargo craves reference to the loan contract referenced in Paragraph 5 and denies any allegations inconsistent therewith.

6.    Wells Fargo craves reference to the loan contract referenced in Paragraph 6 and denies any allegations inconsistent therewith.  Wells Fargo denies any remaining allegation contained in Paragraph 6.

7.     Wells Fargo admits so much of Paragraph 7 that alleges Plaintiff fell behind on his loan payments.  Wells Fargo lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 7 and, therefore, denies the same.

8.    Wells Fargo craves reference to the Payment History as referenced in Paragraph 8 and denies any allegations inconsistent therewith.  Wells Fargo denies any remaining allegation contained in Paragraph 8.

9.    Wells Fargo denies Paragraph 9.

10.    Wells Fargo craves reference to the Payment History as referenced in Paragraph 10 and denies any allegations inconsistent therewith. Wells Fargo denies any remaining allegation contained in Paragraph 10.

11.    Wells Fargo admits so much of Paragraph 11, including subparagraphs (a) through (c), that alleges Wells Fargo reviewed Plaintiff for loss mitigation options and Plaintiff did not make payments pursuant to the Loan Agreement fell.  Wells Fargo

2

denies the remaining allegations contained in Paragraph 11, including subparagraphs (a) through (c).

12.     Wells Fargo craves reference to the Forbearance Agreement as referenced in Paragraph 12 and denies any allegations inconsistent therewith. Wells Fargo denies any remaining allegation contained in Paragraph 12.

13.     Wells Fargo craves reference to the Forbearance Agreement as referenced in Paragraph 13 and denies any allegations inconsistent therewith.  Wells Fargo denies any remaining allegation contained in Paragraph 13.

14.     Wells Fargo craves reference to the Forbearance Agreement and Payment History as referenced in Paragraph 14 and denies any allegations inconsistent therewith. Wells Fargo denies any remaining allegation contained in Paragraph 14.

15.     Wells Fargo craves reference to the written correspondence as referenced in Paragraph 15, including subparagraphs (a) through (c), and denies any allegations inconsistent therewith.

16.     Wells Fargo lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 16 and, therefore, denies the same.

17.     Wells Fargo denies Paragraph 17.

18.     Wells Fargo lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 18 and, therefore, denies the same.

19.     Wells Fargo lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 19 and, therefore, denies the same.

20.     Wells Fargo lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 20 and, therefore, denies the same.

21.     Wells Fargo lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 21 and, therefore, denies the same.

22.     Wells Fargo denies Paragraph 22.

23.     Wells Fargo lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 23 and, therefore, denies the same.

24.     Wells Fargo lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 24 and, therefore, denies the same.

25.     Wells Fargo admits so much of Paragraph 25 that alleges Wells Fargo considered Plaintiff for loss mitigation options.  Wells Fargo lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 25 and, therefore, denies the same.

26.     Wells Fargo denies Paragraph 26.

27.     Wells Fargo denies Paragraph 27.

28.     Wells Fargo denies Paragraph 28.

29.     Wells Fargo lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 29 and, therefore, denies the same.

30.     Wells Fargo denies Paragraph 30.

31.     Wells Fargo denies Paragraph 31.

32.     Wells Fargo craves reference to the Payment History as referenced in Paragraph 32 and denies any allegations inconsistent therewith.  Wells Fargo denies any remaining allegation contained in Paragraph 32.

33.     Wells Fargo craves reference to the Payment History as referenced in Paragraph 33 and denies any allegations inconsistent therewith.  Wells Fargo denies any remaining allegation contained in Paragraph 33.

34.     Wells Fargo craves reference to the Payment History as referenced in Paragraph 34 and denies any allegations inconsistent therewith.  Wells Fargo denies any remaining allegation contained in Paragraph 34.

35.     Wells Fargo craves reference to the Payment History and written correspondence as referenced in Paragraph 35 and denies any allegations inconsistent therewith.  Wells Fargo denies any remaining allegation contained in Paragraph 35.

36.     Wells Fargo denies Paragraph 36.

37.     Paragraph 37 contains a legal conclusion to which no response is required.  To the extent a response is required, Wells Fargo denies Paragraph 37.

38.     Wells Fargo craves reference to the loan contract referenced in Paragraph 38 and denies any allegations inconsistent therewith.   Wells Fargo denies any remaining allegation contained in Paragraph 38.

39.     Paragraph 39 contains a legal conclusion to which no response is required.  To the extent a response is required, Wells Fargo denies Paragraph 39.

40.     Wells Fargo craves reference to the written correspondence referenced in Paragraph 40 and denies any allegations inconsistent therewith.  Wells Fargo denies any remaining allegation contained in Paragraph 40.

41.     Paragraph 41 contains a legal conclusion to which no response is required.  To the extent a response is required, Wells Fargo denies Paragraph 41.

42.     Paragraph 42, including subparagraphs (a) through (c), contains a legal conclusion to which no response is required.  To the extent a response is required, Wells Fargo denies Paragraph 42, including subparagraphs (a) through (c).

43.     Wells Fargo denies Paragraph 43.

44.     Wells Fargo denies Paragraph 44.

45.     Wells Fargo lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 45 and, therefore, denies the same.

46.     Wells Fargo craves reference to the Payment History and written correspondence as referenced in Paragraph 46 and denies any allegations inconsistent therewith.  Wells Fargo denies any remaining allegation contained in Paragraph 46.

### COUNT I – BREACH OF CONTRACT

47.     Responding to Paragraph 47, Wells Fargo incorporates by reference its responses to the preceding paragraphs.

48.     Paragraph 48 contains a legal conclusion to which no response is required.  To the extent a response is required, Wells Fargo denies Paragraph 48.

49.     Wells Fargo craves reference to the Note and Deed of Trust referenced in Paragraph 49 and denies any allegation inconsistent therewith.  Wells Fargo denies any remaining allegation contained in Paragraph 49.

50.     Wells Fargo craves reference to the Deed of Trust referenced in Paragraph 50 and denies any allegation inconsistent therewith.

51.     Wells Fargo craves reference to the Note and Deed of Trust referenced in Paragraph 51 and denies any allegation inconsistent therewith.  Wells Fargo denies any remaining allegation contained in Paragraph 51.

52.   Wells Fargo craves reference to the Note, Deed of Trust and VA Rider referenced in Paragraph 52 and denies any allegation inconsistent therewith.

53.   Wells Fargo denies Paragraph 53, including subparagraphs (a) through (g).

54.   Wells Fargo denies Paragraph 54.

55.   Wells Fargo denies Paragraph 55, including the prayer for relief beginning with "WHEREFORE," including its subparts (a) through (d), that follows immediately thereafter.

## COUNT II – ILLEGAL DEBT COLLECTION PRACTICES

56.   Responding to incorrectly numbered Paragraph 47, Wells Fargo incorporates by reference its responses to the preceding paragraphs.

57.   Wells Fargo denies incorrectly numbered Paragraph 48.

58.   Wells Fargo denies incorrectly numbered Paragraph 49.

59.   Wells Fargo denies incorrectly numbered Paragraph 50.

60.   Wells Fargo denies incorrectly numbered Paragraph 51 including the prayer for relief beginning with "WHEREFORE," including its subparts (a) through (d), that follows immediately thereafter.

## COUNT III – FAILURE TO ACCEPT PAYMENTS

61.   Responding to incorrectly numbered Paragraph 48, Wells Fargo incorporates by reference its responses to the preceding paragraphs.

62.   Wells Fargo denies incorrectly numbered Paragraph 49.

63.     Wells Fargo denies incorrectly numbered paragraph 50, including the prayer for relief beginning with "WHEREFORE," including its subparts (a) through (d), that follows immediately thereafter.

## COUNT IV – MISAPPLICATION OF PAYMENTS

64.     Responding to incorrectly numbered Paragraph 51, Wells Fargo incorporates by reference its responses to the preceding paragraphs.

65.     Wells Fargo denies incorrectly numbered paragraph 52, including the prayer for relief beginning with "WHEREFORE," including its subparts (a) through (d), that follows immediately thereafter.

66.     Wells Fargo denies that Plaintiff is entitled to a jury trial.

## FOR A SECOND DEFENSE

Plaintiff's Complaint fails to state a claim for relief against Defendant upon which relief may be granted and, therefore, should be dismissed pursuant to grounds including, but not limited to, those contained in the Motion to Dismiss being filed herewith.

## FOR A THIRD DEFENSE

Plaintiff is comparatively or contributorily at fault for his damages, if any.

## FOR A FOURTH DEFENSE

Plaintiff failed to mitigate his damages, if any exist and are proven at trial.

## FOR A FIFTH DEFENSE

Wells Fargo pleads the defense of set off.  To the extent that Plaintiff obtains any monetary recovery against Wells Fargo, such recovery should be set off by the amounts

owed by Plaintiff, including, but not necessarily limited to, amounts owed on the loan referenced in Plaintiff's Complaint.

## FOR A SIXTH DEFENSE

Plaintiff's state law claims are pre-empted, in whole or in part, by federal law, including, but not limited to, the Housing and Urban Development Regulations, the Veteran's Administration Regulations, the National Bank Act and the Fair Debt Collections Practices Act.

## FOR A SEVENTH DEFENSE

Plaintiff's claims in equity are barred because he has an adequate remedy at law.

## FOR AN EIGHTH DEFENSE

To the extent Plaintiff seeks punitive or exemplary damages, those claims violate Wells Fargo's rights to procedural and substantive due process under the Fourteenth Amendment of the United States Constitution and the Constitution of the State of West Virginia.

## FOR A NINTH DEFENSE

Plaintiff's damages, to the extent he has any, were proximately caused by the acts or omissions of third parties and not by the acts or omissions of Wells Fargo.

## FOR A TENTH DEFENSE

Wells Fargo would show that Plaintiff's claims are barred by the doctrines of waiver, estoppel, laches, and unclean hands.

## FOR AN ELEVENTH DEFENSE

Plaintiff's damages, if any exist and are proven at trial, were proximately caused by Plaintiff's own acts or omissions, and not by the acts or omissions of Wells Fargo.

### FOR A TWELFTH DEFENSE

Plaintiff's claims are barred by the plain terms of the applicable contracts, loan documents, and deeds of trust.

### FOR A THIRTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of release, waiver, and/or accord and satisfaction.

### FOR A FOURTEENTH DEFENSE

Plaintiff's damages, to the extent they are proved, were caused by the intervening acts of third parties.

### FOR A FIFTEENTH DEFENSE

Plaintiff's claims may be barred by the applicable statute of limitations.

### FOR A SIXTEENTH DEFENSE

Plaintiff's claims may be subject to an arbitration agreement.

### FOR A SEVENTEENTH DEFENSE

Plaintiff has failed to properly state or plead the elements of his claims, and Wells Fargo, therefore pleads and reserve all available defenses under Fed. R. Civ. P. 12(b).

### FOR AN EIGHTEENTH DEFENSE

Plaintiff may lack standing to assert their West Virginia Consumer Credit and Protection Act claims because he is not a "consumer."

### FOR A NINETEENTH DEFENSE

Wells Fargo would show that Plaintiff's claims for violations of the West Virginia Consumer Credit and Protection Act are barred because Wells Fargo acted with Plaintiff, or Plaintiff's counsel's, consent.

10

## ADDITIONAL DEFENSES

Wells Fargo reserves the right to amend and supplement its affirmative defenses to include any applicable defense of law or fact.

**WHEREFORE,** Wells Fargo respectfully requests the Court to dismiss all of Plaintiff's claims, with prejudice, to enter judgment in favor of Wells Fargo against Plaintiff, to award Wells Fargo its costs and attorneys' fees expended herein, and for such other and further relief as the Court may deem just and appropriate.

**WELLS FARGO BANK, N.A.**

By: s/Matthew D. Patterson
    Matthew D. Patterson (WVSB#11566)
    E-Mail: matt.patterson@nelsonmullins.com

Matthew D. Patterson, Esquire
James H. Burns, Esquire (WVSB#11928)
NELSON MULLINS RILEY & SCARBOROUGH LLP
1320 Main Street / 17th Floor
Columbia, SC  29201
(803) 799-2000

**COUNSEL FOR WELLS FARGO BANK, N.A.**