# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF WEST VIRGINIA

**Cheryl Dean Riley**  
**Clerk of Court**

**OFFICE OF THE CLERK OF COURT**  
**POST OFFICE BOX 471**  
**WHEELING, WEST VIRGINIA 26003**  
**(304) 232-0011**  
**Facsimile (304) 233-2185**

**Michelle Widmer-Eby**  
**Chief Deputy Clerk**

December 30, 2021

Via CM/ECF  
Michael Hunt  
c/o Jennifer S. Wagner  
Mountain State Justice, Inc.  
1029 University Ave., Ste. 101  
Morgantown, WV 26505  
and  
Lydia C Milnes  
Mountain State Justice, Inc.  
325 Willey Street  
Morgantown, WV 26505

Via CM/ECF  
Wells Fargo Bank, N.A.  
doing business as  
Wells Fargo Home Mortgage, Inc.  
c/o James H. Burns  
Nelson Mullins Riley & Searborough, LLP  
1320 Main Street  
17th Floor  
Columbia, SC 29201  
and  
Matthew D Patterson  
Nelson Mullins Riley & Scarborough LLP  
1320 Main Street, 17th Floor (29201)  
P. O. Box 11070  
Columbia, SC 29211

Re:   Hunt v. Wells Fargo N.A.
      Civil Action No. 2:17-cv-00138

Dear Michael Hunt and Wells Fargo Bank, N.A.,

I have been contacted by District Court Judge, Thomas S. Kleeh, who presided over the above-mentioned case. Judge Kleeh informed me that he has learned that while he presided over the case, his retirement fund contained stock in Wells Fargo, a party to this litigation. This stock ownership neither affected nor impacted his decisions in this case, which was transferred to Judge Kleeh on February 1, 2019, and dismissed on June 3, 2019. Judge Kleeh did not enter any substantive orders while he presided over this case. However, this stock ownership would have required recusal under the Code of Conduct for United States Judges, and thus, Judge Kleeh directed that I notify the parties of this conflict.

> Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:
>
> [A] judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified." With Advisory Opinion 71 in mind, you are invited to respond to Judge Kleeh's disclosure of a conflict in this case.

     Should you wish to respond, please submit your response in writing by filing it on the docket of this case on or before **January 14, 2022**.   Any response will be considered by another judge of this court without the participation of Judge Kleeh.

     Sincerely,

     */s/ Cheryl Dean Riley*
     Cheryl Dean Riley,
     Clerk of Court

500 West Pike Street, Room 301     P.O. Box 1518     217 W. King Street, Room 102
Clarksburg, WV 26302     Elkins, WV 26241     Martinsburg, WV 25401
(304) 622-8513     (304) 636-1445     (304) 267-8225